## WOOLSEY vs JACKSON.

### Opinion delivered October 5, 1901.

*1.  Appeal—Evidence—Error not Prejudicial no Ground for Reversal.*

> In an unlawful detainer action the court admitted in evidence
> receipts, purporting to be signed by the collector of permits in
> the Chickasaw Nation, without proof of the signature or the
> official character of the signer for the purpose of establishing a
> date. *Held*, that the error was harmless in view of over-
> whelming testimony otherwise sufficient to sustain the verdict
> of the jury; and that as no prejudice therefore resulted, it is
> no ground for a reversal.

*2.  New Trial—Newly Discovered Evidence Must be Such as to Indicate
Probable Change of Result.*

> Where a motion for new trial is based on newly discovered evi-
> dence, it is properly overruled unless the evidence alleged is
> such as would probably change the result of the trial.

Appeal from the United States court for the Southern
District.

HOSEA TOWNSEND, Judge.

Action by W. B. Woolsey against George Jackson.
Judgment for defendant.   Plaintiff appeals.   Affirmed.

This was an action of unlawful detainer, brought by
the appellant, plantiff below, on January 13, 1899, against
appellee, defendant below,  for 500 acres of land, which he
claimed that he had leased to appellee for the term  of eight
years, beginning January 1, 1891,  and ending December  31,
1898.    Appellant gave bond, and  the appellee, failing to
give bond,  was dispossessed, and appellant was  placed in
possession.   The  appellee  answered, admitting that  he
leased the   land  from  the  appellant  for a term  of eight

years, but alleging that the lease began on January 1, 1892, and did not terminate until December 31, 1899. The case was tried before a jury, who returned a verdict for appellee, assessing his damages at $500, and judgment was rendered accordingly. Appellant filed a motion for a new trial, which was overruled by the court below. An appeal from the judgment and ruling of the court below was prayed and granted.

*Gilbert & Gilbert* for appellant.

*Potterf & Bowman,* for appellee.

GILL, J.   There is but one assignment of error in the brief filed by appellant's counsel in this case. It is that 'the court erred in permitting appellee's attorneys to introduce two receipts, purporting to be signed by the collector of permits of the Chickasaw Nation, without bringing proof to establish—First, that the party whose name was signed to said receipts was the duly-authorized collector of permits of the Chickasaw Nation; second, that the signature attached to said receipts was the signature of the said permit collector " These receipts were allowed to be introduced simply for the purpose of fixing or establishing a date, and, while there is some question as to their admissibility even for that purpose, yet we think that the record shows that the testimony in favor of appellee was so overwhelming that their admission, if error at all, could not have been prejudicial to the rights of the appellant. We think the testimony without these receipts was amply sufficient to sustain the verdict of the jury.

Counsel for appellant takes exception to the ruling of the court below on appellant's motion for a new trial. Even if the appellant could have produced at the trial the testimony which he sets out in his motion for a new trial, we hardly think the verdict of the jury could have been

otherwise.   We do not think the court below improperly exercised its discretion in overruling the motion for a new trial.   The judgment of the court below is affirmed.

CLAYTON and RAYMOND, JJ., concur.